| | |
|---|---|
| 1 | CUAUHTEMOC ORTEGA (Bar No. 257443)<br>Federal Public Defender<br>Mara González Souto (Bar No. 349314)<br>(E-Mail: mara_gonzalez-souto@fd.org)<br>Deputy Federal Public Defenders<br>321 East 2nd Street<br>Los Angeles, California 90012-4202<br>Telephone: (213) 894-7550<br>Facsimile: (213) 894-0081 |

Attorneys for Defendant
NOE SALGADO VACILIO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:25-MJ-04147-DUTY |
|---|---|
| Plaintiff, | **NOE SALGADO VACILIO'S PARTIAL OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS CASE WITHOUT PREJUDICE** |
| v. | |
| NOE SALGADO VACILIO, | |
| Defendant. | |

Defendant Noe Salgado Vacilio, by and through his counsel of record, Deputy Federal Public Defender Mara González Souto, hereby files his partial opposition in part to the government's motion to dismiss the case without prejudice.

Mr. Salgado Vacilio does not oppose dismissal or the requested bond exoneration, but submits that the dismissal instead be with prejudice.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 4, 2025   By  /s/ *Mara González Souto*
                           Mara González Souto
                           Deputy Federal Public Defenders
                           Attorney for NOE SALGADO VACILIO

## INTRODUCTION

Mr. Salgado Vacilio was charged by criminal complaint with a violation of 18 U.S.C. § 111(a)(1) on July 5, 2025. ECF 1. He made his initial appearance in federal court on July 7, 2025. ECF 3. On that date, the Honorable Pedro V. Castillo ordered his release on bond. ECF 5. However, rather than being released on that date, Mr. Salgado Vacilio was instead turned over to the custody of Immigration and Customs Enforcement ("ICE") to face deportation.

The government now moves to dismiss the complaint and exonerate the bond, but requests that the dismissal be made without prejudice. ECF 13. However, because the government elected to proceed with Mr. Salgado Vacilio's removal from the United States, it has abandoned the criminal prosecution against him and deprived him of his constitutional rights in defending against the criminal prosecution. "Dismissal with prejudice is appropriate where 'ICE has initially chosen to prioritize a defendant's criminal prosecution over his immediate removal but then reversed course when faced with a lawful release order under the BRA.'" *United States v. Ferreira-Chavez*, 2021 WL 602822, *6 (D. Idaho Feb. 12, 2021) (citation omitted).

That is exactly what occurred here. The case against Mr. Salgado Vacilio should be dismissed with prejudice.

## ARGUMENT

Federal Rule of Criminal Procedure 48(a) provides in pertinent part that the "government may, with leave of the court, dismiss an indictment, information or complaint." Fed. R. Crim. Proc. 48(a). In determining whether to grant a government's Rule 48(a) motion, the Court "in exercising its discretion must assure the fair administration of criminal justice." *United States v. Palomares,* 119 F.3d 556, 558 (7th Cir. 1996). A court may dismiss a case with prejudice if it determines that a dismissal without prejudice is against the concept of fundamental fairness. *United States v. Rossoff,* 806 F. Supp. 200, 202 (N. D. Ill. 1992).

In *United States v. Santos-Flores*, the Ninth Circuit held that "if the government, by placing [a defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." 794 F.3d 1088, 1091 (9th Cir. 2015). *Santos-Flores* cited approvingly to *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012), a case in which the district court ordered the government to choose between staying ICE removal proceedings of a criminal defendant or dismissal of the criminal case with prejudice. *See Trujillo-Alvarez*, 900 F. Supp. 2d at 1170 ("if the Executive Branch chooses to forgo criminal prosecution of Mr. Alvarez–Trujillo on the pending charge of illegal reentry and deport him from the United States," then "the pending criminal charge will be dismissed with prejudice.")

Several other courts in this District and Circuit have found that the appropriate remedy when a defendant is deported pending a criminal prosecution is dismissal with prejudice. *See, e.g., United States v. Aldana-Aldana*, Dkt. No. 24, 25-MJ-1421-DUTY (C.D. Cal. April 15, 2025) (ordering dismissal with prejudice following the defendant's deportation); *United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 926 (D. Ariz. 2020) ("The government chose to proceed with the defendant's removal proceeding and deport her from the United States …. The result of those violations should be a dismissal of the criminal charges with prejudice.") (citations omitted); *United States v. Monteverde*, 2021 WL 5534880, *3 (D. Ariz. Oct. 7, 2021) ("[T]he issue is whether … the indictment must be dismissed and, if so, whether the dismissal should be with or without prejudice … Defendant's removal, despite the pending prosecution, violated her Sixth Amendment rights and the Speedy Trial Act and, as such, dismissal of the indictment with prejudice is warranted."); *Ferreira-Chavez*, 2021 WL 602822, at *6 ("Here, the Court finds that dismissal of the indictment with prejudice is appropriate. Unlike *Trujillo-Alvarez*, there is no lesser remedy available. Ferreira has already been deported. His constitutional and statutory rights have been and will continue to be violated.").

//

1       This Court should dismiss the case against Mr. Salgado Vacilio with prejudice. The government had two choices: it "was obliged to either abandon the criminal prosecution and proceed with removal, or stay removal and release [Mr. Salgado Vacilio]" pending trial. *Munoz-Garcia*, 455 F. Supp. 3d at 918. Although the government "initially chose[] to prioritize [Mr. Salgado Vacilio's] criminal prosecution over his immediate removal," it "reversed course when faced with a lawful release order under the [Bail Reform Act]." *Ferreira-Chavez*, 2021 WL 602822, at *6. In so doing, the government has both made Mr. Salgado Vacilio unavailable for trial and infringed on his Sixth Amendment right to counsel by depriving him of the ability to consult with his attorney. *Munoz-Garcia*, 455 F. Supp. 3d at 926; *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180.

      Under these circumstances, and in light of the government's clear choice to abandon the criminal prosecution in favor of deportation proceedings, the government should not be granted a second chance at prosecuting Mr. Salgado Vacilio for the same offense. Dismissal with prejudice is therefore the fair and appropriate remedy.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 4, 2025      By   /s/ *Mara González Souto*
                                                Mara González Souto
                                                Deputy Federal Public Defenders
                                                Attorneys for NOE SALGADO VACILIO