BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEDAR S. BHATIA (Cal. Bar No. Pending)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4442
    E-mail:   kedar.bhatia@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>NOE SALGADO VACILIO,<br><br>      Defendant. | No. 2:25-MJ-04147-DUTY<br><br>REPLY TO OPPOSITION IN PART TO GOVERNMENT'S MOTION TO DISMISS CASE |

The government hereby files its Reply to Defendant Noe Salgado Vacilio's Opposition in Part to the Government's Motion to Dismiss Case.

//

//

//

1

This Reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 6, 2025                    Respectfully submitted,

                                         BILAL A. ESSAYLI
                                         Acting United States Attorney

                                         CHRISTINA T. SHAY
                                         Assistant United States Attorney
                                         Chief, Criminal Division

                                         ___/s/_____
                                         KEDAR S. BHATIA
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

The parties agree that the criminal complaint filed in this case should be dismissed. They disagree, however, as to whether the dismissal should be with or without prejudice. As explained below, dismissal with prejudice is an extreme remedy that is inappropriate in the instant circumstances. Many courts in this district have accordingly granted the government's motions to dismiss complaints in similar postures without prejudice. The government's motion to dismiss the complaint should be granted without prejudice.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 4, 2025, defendant was arrested after punching a federal officer three times in the helmet. Complaint (Dkt. 1) at 2-3. On July 6, 2025, defendant was charged by complaint with one misdemeanor count of assaulting an officer, in violation of 18 U.S.C. § 111(a)(1). Id. On July 7, 2025, at his initial appearance, the Magistrate Court ordered defendant released on bail pending trial under the Bail Reform Act, 18 U.S.C. § 3142. (Dkt. 3). Defendant waived his right to a preliminary hearing and a post-indictment arraignment was scheduled for August 12, 2025. (Dkts. 3, 7).

Defendant, for whom there has been a final order of removal pending since 2018, was then taken into custody of the immigration authorities and removed from the United States on or about July 9, 2025. See Exh. A at 2 (noting removal from San Ysidro, California, on July 9, 2025).

On August 4, 2025, the government filed the instant motion to dismiss the Complaint. (Dkt. 14). The same day, defendant filed a

1

brief stating that he did not oppose dismissal or bond exoneration, but instead submitting that dismissal should be with prejudice. (Dkt. 15) ("Opp. Br."). On August 5, 2025, the Court ordered the government to provide "the prosecutor's reasons for seeking to dismiss." (Dkt. 16).

### III. **APPLICABLE LAW**

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). Any dismissal pursuant to Rule 48(a) is presumptively without prejudice. See United States v. Brown, 425 F.3d 681, 682 (9th Cir. 2005) ("Dismissal by the government is generally presumed to be without prejudice 'unless a contrary intent is clearly expressed.'"). A district court is "duty bound" to grant the government's Rule 48(a) motion to dismiss without prejudice unless "it specifically determines that the government is operating in bad faith." United States v. Hayden, 860 F.2d 1483, 1488 (9th Cir. 1988). Only where a Rule 48(a) motion for dismissal is "prompted by considerations clearly contrary to the public interest" or where there is a genuine concern that the defendant would be subjected to prosecutorial harassment through charging, dismissing, and recharging should a district court deny a Rule 48(a) motion. See United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir. 1988); United States v. Mujahid, 491 Fed. App'x 859, 860 (unpublished) (9th Cir. 2012).

### IV. **THE COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE**

In this case, the government has made the decision that it is in the interest of justice to dismiss the misdemeanor complaint in

2

light of defendant's removal from the United States prior to an indictment or information being filed.

Defendant does not contend that the government has acted in bad faith and there is nothing in the record that would support any such contention. Furthermore, the only prejudice that defendant claims to have incurred by being removed is a purported inability to defend against the now-terminated prosecution, that he has been made unavailable for trial, and an asserted violation of his Sixth Amendment rights to consult with counsel and to a speedy trial. All of these concerns, however, are speculative given that the parties agree the instant proceedings should be terminated.

Defendant's removal cannot have caused any prejudice in the current proceedings because the government seeks to dismiss the case rather than prosecute defendant now that he has been removed. Defendant has no need to defend himself from a prosecution as the government is no longer pursuing such prosecution of him. There is no trial pending, as no trial date was ever set, so defendant has not been made unavailable for a trial that is not scheduled and will never occur if the case is dismissed. Defendant's removal does not prevent him from consulting with counsel nor infringe on the right to counsel under the Sixth Amendment. That Amendment provides the right to assistance of defense counsel while subject to a criminal prosecution. However, due to the dismissal of the complaint, defendant is no longer subject to such a prosecution and defendant makes no argument that a person has an indefinite, permanent right to representation even when the person is not a defendant in a pending case. Furthermore, particularly in an era of instant electronic communication, defendant's inability only to have an in-

3

person meeting with defense counsel does not deprive him of the ability to consult with counsel. Any actual prejudice that may result from this dismissal should be litigated in future proceedings, if any, that are brought.

Defendant does not contend that the government is improperly using dismissal to achieve a tactical advantage, nor could he do so. The government sought dismissal at the outset of the case, before defendant had even been formally charged by indictment or information, or arraigned, much less following any litigation or motion practice by the defense that a dismissal might avoid, or on the eve of trial. The Court should not find bad faith on this record. Complaints are filed merely upon a showing of probable cause -- there are myriad reasons why the government may elect not to proceed with a criminal complaint, and requiring the government to justify dismissal every time, and not upon a showing of bad faith, would slow the effective administration of justice.

In one case quoted by the Court in its Order seeking the government's "reasons for seeking to dismiss," the government moved to dismiss an indictment over defendant's objection on the day trial was set to commence. United States v. Derr, 726 F.2d 617, 618 (6th Cir. 1984); *see* Dkt. 16. Then, more than two years later, the government brought another indictment charging the same conduct. Derr, 726 F.2d at 618. When that defendant sought to dismiss the second indictment, he alleged that it was error to dismiss the first indictment on the eve of trial with no factual justification and without prejudice. Id. at 619. Here, the factual reason for the dismissal is provided to the Court – defendant's removal – and the conceivable prejudice to defendant is far, far less.

4

Defendant nevertheless suggests that "dismissal without prejudice is against the concept of fundamental fairness." Opp. Br. at 2 (citing United States v. Rossoff, 806 F. Supp. 200, 202 (N. D. Ill. 1992)). He further implies that the government, in removing him from the country, has "jeopardize[d] the district court's ability to try him." See id. at 3 (quoting United States v. Santos-Flores, 794 F.3d 1088, 1091 (9th Cir. 2015)). But the district court no longer needs to try defendant because the government seeks to dismiss the complaint. No indictment or information has been filed, defendant has not entered a plea, and no trial date has been set. Furthermore, defendant has alleged no misconduct on the part of the government, nor is there any pending defense motion before the Court. In short, dismissing the complaint without prejudice would not cause defendant any harm.

If defendant is later charged for the same offense addressed in the Complaint, he may then argue for prejudice and the assigned court may assess prejudice against him when he is, in fact, facing a loss of liberty. See United States v. Coronado-Vejar, 2020 WL 4334983, at *2 (D. Ariz. July 28, 2020) (granting dismissal without prejudice when defendant was removed before trial and noting that "[s]hould Defendant become available and be prosecuted on these charges in the future, the parties will be free to raise arguments related to the prejudice that resulted to Defendant from deportation during his criminal case and his subsequent inability to adequately communicate with his counsel").

Dismissal with prejudice is appropriate only under circumstances not present here, such as to remedy a due process violation that is so grossly shocking and so outrageous as to

violate the universal sense of justice, to protect judicial integrity by ensuring a conviction rests on appropriate considerations, or to deter future illegal conduct. See United States v. Bundy, 968 F.3d 1019, 1030 (9th Cir. 2020). A dismissal with prejudice should be reserved for only the most egregious violations because it implicates separation-of-powers issues. Id. at 1031; see also United States v. B.G.G., 53 F.4th 1353 (11th Cir. 2022) (emphasizing the limited circumstances in which a court can dismiss with prejudice). Defendant points to no grossly shocking or outrageous violation here, nor risk of conviction based on inappropriate considerations, nor illegal conduct. Instead, all that has occurred is that immigration authorities performed their statutory duty to remove an alien unlawfully present in the United States, and the government then promptly sought to terminate its prosecution of defendant. See 8 U.S.C. § 1101 et seq.; United States v. Monteverde, 2021 WL 5534880, at *3 (D. Ariz. Oct. 7, 2021). Furthermore, defendant is not at risk of re-prosecution at the whim of the government. On the contrary, he would only face re-prosecution if he chose voluntarily to illegally reenter the United States.

Unlike the instant case, where the government sought to dismiss the case voluntarily, pre-indictment, at the very beginning of the case, defendant cites cases addressing quite different contexts. See Monteverde, 2021 WL 5534880 (defendant initially sought dismissal after she was removed and government opposed); United States v. Ferreira-Chavez, 2021 WL 602822 (D. Idaho Feb. 12, 2021) (defendant sought dismissal due to violation of the 70-day period for trial and government opposed dismissal); United States v. Trujillo-Alvarez,

900 F.Supp.2d 1167 (D. Or. 2012) (discussing the impact of an immigration detainer that resulted in a defendant being held in the United States, but outside the judicial district where the criminal proceeding was to commence).[1]

Multiple courts in this District have found dismissal without prejudice was the appropriate remedy in situations like that present here, where a defendant was charged, was granted bond, and was subsequently removed. See, e.g., United States v. Lemus, 8:25-mj-496-DUTY, ECF No. 4; United States v. Garcia, 8:25-mj-376-DUTY, ECF No. 16; United States v. Briant Perez Hernandez, 2:25-mj-929-DUTY, ECF No. 35; United States v. German Soto-Mendoza, 2:25-mj-738-DUTY, ECF No. 38; United States v. Oscar Parra-Reyes, 2:25-cr-205-DSF, ECF No. 60; United States v. Jorge Hernandez-Vicente, 2:25-mj-1945-DUTY, ECF No. 19; United States v. Juan Ruiz-Ruiz, 2:25-mj-1781, ECF No. 20; United States v. Pedro Mercado Murillo, 2:25-mj-2446-DUTY, ECF No. 25; United States v. Miranda-Yaxon, 2:25-cr-385-MRA, ECF No. 20; United States v. Jimenez-Garcia, 2:25-mj-3227-DUTY, ECF No. 16; United States v. Ruiz-Feregrino, 8:25-mj-361-DUTY, ECF No. 20; United States v. Hernandez-Martinez, 8:25-mj-450-DUTY, ECF No. 13; United States v. Grande-Celic, 2:25-mj-3254-DUTY, ECF No. 20; United States v. Lopez-Mungia, 5:25-cr-197-KK, ECF No. 31. This Court

---

[1] One case cited by defendant, United States v. Aldana-Aldana, 2:25-MJ-1421-DUTY, involved a different factual situation in which the government did not submit facts underlying that defendant's removal in its original motion to dismiss or in a reply to defendant's opposition, thereby providing the Court with no facts regarding defendant's removal. See Case No. 2:25-MJ-1421-DUTY, ECF No. 24. In this case, the government has provided the Court with the available information regarding defendant's arrest, charging, and removal, showing that dismissal is appropriate and certainly not made in bad faith.

7

should reach the same conclusion as many of the Courts in this district and order that this case be dismissed without prejudice.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that Court grant its motion and dismiss the complaint without prejudice.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned, counsel of record for the United States of America, certifies that this brief contains 1,969 words, which complies with the word limit of L.R. 11-6.1.

Dated:  August 6, 2025.

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

    /s/
KEDAR S. BHATIA
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

1